UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TROY WETZEL,** *et al.* | * | **CIVIL ACTION NO.  2:10-CV-01222** |
| **VERSUS** | * | **JUDGE CARL J. BARBIER** |
| **TRANSOCEAN, LTD.,** *et al*. | * | **SECTION:  J (5)** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE OF RELATED CASE
AND NOTICE OF REQUESTED TRANSFER OF CASE
PURSUANT TO LOCAL RULES 3.1 & 3.1.1E**

**NOW COME** Intervenors, An Truang Nguyen, Diem Ngue Nguyen, and D & H Seafood, through undersigned counsel (who also represent Plaintiffs in the related *Gregoire* case), who give notice to this Court and opposing counsel pursuant to Local Rule 3.1 of a substantially similar and related civil action that was filed after the immediate case, *Gregoire, et al. v. Transocean Ltd.,* et al., No. 2:10-cv-01351 (Judge Engelhardt)("*Gregoire*"), and to give further notice that Plaintiffs in that related case shall formally request transfer of the later-filed, *Gregoire* proceeding "to the section to which the matter having the lowest docket number has been allotted," namely the above-captioned case, *Wetzel*, No. 2:10-cv-01222; Sec. J(5), pursuant to Local Rule 3.1.1E.

On May 5, 2010, Plaintiffs in the *Gregoire* case filed their original "Class Action Complaint" on behalf of:

> All individuals and entities (both natural and juridical) in the State of Louisiana, which are commercial fishermen, shrimpers, charter boat operators, and/or businesses which incur economic losses as a result of the oil spill from the Deepwater Horizon well.

[10-1351, Rec. Doc. 1, p.10, para. 21].  Prior to the commencement of the *Gregoire* case, the plaintiffs in *Wetzel, et al. v. Transocean*, *et al.,* No. 2:10-cv-01222 ("*Wetzel*"), filed a very

similar class action in the Eastern District of Louisiana on April 28, 2010 on behalf of:

> All individuals and entities (both natural and juridical) in the States of Louisiana, Mississippi, Alabama and/or Florida which are commercial fishermen, shrimpers, charter boat operators, and/or businesses which incur economic losses as a result of the oil spill from the Deepwater Horizon well.

[10-1222, Rec. Doc. 1, pp. 5-6, para. 9]. The operative facts giving rise to both of these class actions are the same, and the subject matter of these two related cases clearly overlap. Although there are a number of pending class actions seeking "economic damages" resulting from the BP Oil Spill, upon information and belief, the first filed class action seeking such relief—and therefore the civil action with the lowest docket number pending in the Eastern District—is the *Wetzel* case.

In an effort to comply with Local Rules 3.1[1] & 3.1.1E,[2] notice is hereby given to this

---

[1] Local Rule 3.1 regarding "Collateral Proceedings and Refiled Cases" provides:

> Whenever a civil matter, commenced in or removed to the court, involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then pending before this or another court or an administrative agency, or previously dismissed or decided by this court, counsel shall append on a separate sheet of paper, to the front of the complaint, a list and description of all such actions then known to counsel and a brief summary of the relationship. If information concerning any such action or proceeding is obtained subsequent to the filing of the original pleading in the latter case, it shall be the duty of counsel obtaining such information to notify the court and opposing counsel in writing of the information so received in the same manner.

[2] Local Rule 3.1.1E regarding "Assignment of Collateral Proceedings, etc." provides:

> In order to promote judicial economy and conserve judicial resources, and to avoid the potential for forum shopping and conflicting court rulings, all actions described in LR3.1 shall be transferred to the section to which the matter having the lowest docket number has been allotted, unless the two judges involved determine that some other procedure is in the interest of justice. If the transferee or transferor judges cannot agree upon whether a case should be transferred, the opinion of the transferee judge prevails.

transferee Court and opposing counsel of this collateral proceeding by "append[ing] on a separate sheet of paper" the material facts regarding the *Gregoire* case in the form of a Notice of Related Case. A similar "Notice of Related Case" has this date been filed in the *Gregoire* case. Furthermore, Plaintiffs will file a "Motion to Consolidate and Transfer Case Pursuant to Local Rules 3.1 and 3.1.1E" in the *Gregoire* proceeding later today.

Given that this *Wetzel* case "involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action," namely the later-filed *Gregoire* case, Local Rules 3.1 & 3.1.1E dictate that the *Gregoire* Court "shall" transfer the later-filed case "to the section to which the matter having the lowest docket number has been allotted," and this Court should accept said transfer.  As is undoubtedly well-known to this Court, the use of the obligatory word "shall" indicates that such a transfer is not discretionary.  Furthermore, given that Local Rule 3.1.1E expressly states the purpose of this obligatory rule (i.e., "to promote judicial economy and conserve judicial resources, and to avoid the potential for forum shopping and conflicting court rulings"), the immediate transfer of this proceeding is evident from the record.

Intervenors respectfully suggest that Local Rules 3.1 & 3.1.1E authorize, if not dictate, that these related proceedings be consolidated *sua sponte* through transfer.  Under the current circumstances, Intervenors respectfully suggest that there is no need for a contradictory hearing regarding this transfer.  Given the nature of this first-filed *Wetzel* case and the later-filed *Gregoire* case, Your Honor is requested to expedite transfer and consolidate these proceedings as

---

If counsel fails to make the certification described in LR3.1 , then the allotted judge shall take this action when he or she learns of the related nature of the proceedings.

soon as practicable and without further delay.  Intervenors note that, should there be any disagreement between the transferor court (*Gregoire*) and the transferee court (*Wetzel*), "the opinion of the transferee judge prevails."  Local Rule 3.1.1E.

For all of the foregoing reasons, NOTICE OF THESE RELATED CASES AND THE REQUESTED TRANSFER OF THE SAME is hereby given to Your Honor and opposing counsel.

                      Respectfully submitted:

                      *s/Michael C. Palmintier*
                    **MICHAEL C. PALMINTIER** (LA 10288)
                    JOHN W. deGRAVELLES (LA 04808)
                    C. FRANK HOLTHAUS ( LA 06976)
                    SCOTT H. FRUGE (LA 21599)
                    JOSHUA M. PALMINTIER (LA 28712)
                    deGravelles, Palmintier, Holthaus & Frugé, L.L.P.
                    618 Main Street
                    Baton Rouge, Louisiana 70801-1910
                    225/344-3735 / Fax:  225/336-1146
                    mpalmintier@dphf-law.com
                    jdegravelles@dphf-law.com
                    fholthaus@dphf-law.com
                    sfruge@dphf-law.com
                    jpalmintier@dphf-law.com

                    KENNETH H. HOOKS, III (LA 4982)
                    RICHARD J. DODSON (LA 25097)
                    H. PRICE MOUNGER (LA 19077)
                    Dodson, Hooks & Fredericks (APLC)
                    445 North Boulevard, Suite 850
                    Baton Rouge LA  70802
                    (225) 756-0222 / (225) 756-0025 (fax)
                    richardjdodson@aol.com
                    kenny@dodsonhooks.com
                    price@dodsonhooks.com

EDWARD J. WALTERS, JR. (LA 13214)
DARREL J. PAPILLION (LA 23243)
DAVID ABBOUD THOMAS (LA 22701)
J.E. CULLENS, JR. (LA 23011)
Walters, Papillion, Thomas, Cullens, LLC
12345 Perkins Road, Building One
Baton Rouge LA 70810
(225) 236-3636 / (225) 236-3650 (fax)
walters@lawbr.net
papillion@lawbr.net
abboud@lawbr.net
cullens@lawbr.net

GARY P. KOEDERITZ (LA 07768)
Koederitz Law Firm, LLC
4607 Bluebonnet Blvd, Suite B
Baton Rouge LA 70809
(225) 928-9111 / (225) 295-9494 (fax)
gary@kwlawbr.com

## **CERTIFICATE**

I HEREBY CERTIFY that on this 8th day of June, 2010, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

 *s/J.E.Cullens, Jr.*
**J.E.Cullens, Jr.**